UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SEAN STONE, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:25-CV-782-GSL-APR |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Sean Stone, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Westville Correctional Facility (WCC 25-03-001618) in which he was found guilty of possessing a cell phone. (ECF 1.) The Warden filed a response to the petition (ECF 6), and Stone filed a reply (ECF 8). For the reasons stated below, the petition is denied.

BACKGROUND

The charge against Stone was initiated on March 2, 2025, when Sergeant D. Killingsworth wrote a conduct report stating that during a "random shakedown" of Stone's housing unit, he found a black cell phone and charger. (ECF 6-1 at 1.) The report noted that Stone was assigned to another bed in the four-person housing unit but that he was actually "occupying" the bed where the phone was found. (*Id.*) Sergeant Killingsworth took a photo of the phone, charger, and Stone's prison identification card that were found. (*Id.* at 3.)

On March 19, 2025, Stone was formally notified of the charge and given a copy of the conduct report. (ECF 6-1; ECF 6-2.) He pled not guilty and requested a lay advocate. (ECF 6-2.) He requested a witness statement from fellow inmate Robert Sonneborne, whom he expected to say that the phone was his. He also requested "CCTV" (or surveillance footage) as well as footage from Sergeant Killingsworth's "bodycam." (*Id.*) A statement was obtained from inmate Sonneborne, who stated simply, "It's mine." (ECF 6-4.) No CCTV footage was available, however, because the camera "cannot see in rooms," and Sergeant Killingsworth's body camera was "not activated" during the search. (ECF 6-2 at 1.)

A disciplinary hearing was held on April 30, 2025. (ECF 6-5.) Stone pled not guilty and made the following statement in his defense: "That's not my phone. I go to work every day. I stay out of the way. These people be in my room. Their all affiliated." (*Id.*) (errors in original). The hearing officer considered this statement, along with the other evidence, and found him guilty. He was sanctioned with the loss of 30 days earned credit time. (*Id.*) He appealed through administrative channels, but his appeals were denied. (ECF 6-6 to ECF 6-8.)

ANALYSIS

When prisoners lose earned credit time in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard by an impartial decisionmaker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and

2

correctional goals; and (4) a written statement by the decisionmaker of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there also must be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Stone first argues that he was not screened within the deadline set by the Indiana Department of Correction (IDOC) Adult Disciplinary Code. Even if he is correct, this does not provide grounds to grant him federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (federal habeas relief cannot be granted for errors of state law; *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies at his disciplinary hearing had "no bearing on his right to due process").

He next argues that he was denied evidence. At screening, Stone requested a witness statement from inmate Sonneborne, and this was obtained. The inmate stated that the phone belonged to him. Stone asserts that Sonneborne prepared another statement that went missing; however, he provides no indication of what this alleged statement said, other than that Sonneborne admitted the phone was his. (ECF 8-5.) That was the same thing Sonneborne stated in the witness statement that the hearing officer considered. Even assuming another statement existed, Stone has not shown prejudice resulting from its absence. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (harmless error analysis applies to prison disciplinary proceeding).

3

Stone also requested surveillance and body camera footage, but none was available. (ECF 6-2.) He cannot fault the hearing officer for failing to consider evidence that did not exist. *See Wolff*, 418 U.S. at 556 (while prisoners have a right to request evidence, they do not have the right to the creation of evidence that does not already exist). Stone has not shown that he was denied existing evidence that he requested in violation of Due Process.

The court also understands him to be claiming that he did not receive proper notice of the charge. Under *Wolff*, an inmate must be given at least 24 hours' notice of the charge, and the notice given "should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). Stone was given significantly more than 24 hours' notice, as he was formally notified of the charge on March 19, 2025, and the hearing was not held until April 30, 2025.

The conduct report stated that he was charged with "use/possession of a cell phone/wireless device" in violation of A-121 of the disciplinary code and provided the facts supporting the charge, namely, the search of his housing unit and the discovery of the cell phone and charger in the bed he was occupying. The conduct report provided all the information he needed to mount a defense. *Northern*, 326 F.3d at 911. He was clearly aware of the facts giving rise to the charge and did in fact mount a defense, obtaining a statement from another inmate who took responsibility for the phone and arguing that the bed where the phone was found was not his. He has not demonstrated

4

that there was a flaw in the notice he received, or that any error in the notice prejudiced his ability to defend himself. *See Piggie*, 342 F.3d at 666.

He also appears to be challenging the sufficiency of the evidence. To satisfy due process, there only needs to be "some evidence" supporting the guilty find. *Hill*, 472 U.S. at 455. The "some evidence" test "is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). "Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* A conduct report can be sufficient evidence to support a finding of guilt, as can circumstantial evidence. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). It is not the province of a federal court to reweigh the evidence or to make its own determination of guilt or innocence. *Webb*, 224 F.3d at 652. Rather, the only question on habeas review is whether there is some evidence to support the hearing officer's determination. *Id.*

Stone was found guilty of A-121, which is defined by the disciplinary code as: "Unauthorized use or possession of any cellular telephone or other wireless or cellular communications device." (ECF 6-10 at 3.) "Possession," in turn, is defined as being "[o]n one's person, in one's quarters, in one's locker or under one's physical control." (ECF 6-9 at 6) The code further provides:

> For the purposes of these procedures, an incarcerated individual is presumed to be responsible for any property, prohibited property, or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control. Areas under an incarcerated individual's control

5

> include, but are not limited to the door track, window ledge, ventilation unit, plumbing and the incarcerated individual's desk, cabinet/locker, shelving, storage area, bed and bedding materials in their housing assignment and the desk, cubicle, work station and locker in their work, educational or vocational assignment.

(*Id.*)

Here, the evidence reflects that Sergeant Killingsworth found a cell phone, charger, and identification card for Stone in Stone's housing unit, which is an area within his control under the terms of disciplinary code. Stone states that he was not assigned to the bed where the cell phone was found, but Sergeant Killingsworth was aware of this and noted it in the conduct report. The Sergeant nevertheless concluded that Stone was using the bed where the phone was found, presumably because his identification card was found there. (*See* ECF 6-1 at 3.) To the extent Stone claims there is no definitive proof the phone was his, this was not a criminal trial, and his guilt did not have to be proven beyond a reasonable doubt. *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

"The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012). Instead, there only needed to be "some" evidence of Stone's guilt to satisfy due process, and circumstantial evidence was sufficient. *Meeks*, 81 F.3d at 721. There is sufficient evidence in the record to support the hearing officer's conclusion that Stone was occupying the bed where the phone was found. Even if Stone was not actually sleeping in that bed, there were only three other inmates assigned to that housing unit, and it was not unreasonable to presume the area was under Stone's

6

control for purposes of an item of contraband found there. *See Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) ("The proposition that constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access is unproblematical."); *see also Santonio House v. Daniels*, 637 F. App'x 950 (7th Cir. 2016) (evidence of possession was sufficient where contraband was found in cell petitioner shared with five other inmates). He has not established a Due Process violation on this ground.

He also argues that his lay advocate did a poor job of defending him. For Due Process purposes, a lay advocate is only required when an inmate is illiterate or where the issues are complex. *Wolff*, 418 U.S. at 570; *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Stone's filings reflect that he is not only literate but capable of writing convincingly in his own defense. He filed a detailed administrative appeal, a habeas petition, and a reply containing cogent arguments challenging the hearing officer's finding of guilt. This was also not a complex case. The sole issue to be decided was whether Stone possessed a cell phone. He was able to mount a defense in that he denied the accusation and obtained a witness statement from another inmate who said the phone was his. Stone's "displeasure with his lay advocate's performance and lack of help in preparing his case doesn't amount to a due process violation." *Cutler v. Warden*, No. 3:17-CV-477-RLM-MGG, 2018 WL 4468963, at *3 (N.D. Ind. Sept. 18, 2018).

Finally, he claims the hearing officer was not impartial. Prison adjudicators are entitled to a "presumption of honesty and integrity," and "thus the constitutional standard for improper bias is high." *Prude v. Meli*, 76 F.4th 648, 657 (7th Cir. 2023)

7

(citation omitted). Due Process prohibits a prison official who was substantially involved in the underlying incident from acting as a decisionmaker in the case. *Id.* At the same time, Due Process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the events underlying the charge. *Piggie*, 342 F.3d at 666.

Stone does not argue—nor does the record reflect—that the hearing officer had any involvement in the underlying incident leading to the charge. As best as can be discerned, Stone believes the hearing officer was not impartial because he declined to credit the statement of inmate Sonneborne that the phone was his. In the prison setting, there could be various reasons why an inmate might take responsibility for another inmate's wrongdoing, such as to curry favor or due to threats. The Due Process Clause did not require the hearing officer to credit Sonneborne's statement. Instead, the hearing officer was entitled to weigh the evidence and resolve conflicts in the witnesses' accounts. *Johnson v. Finnan*, 467 F.3d 693, 695 (7th Cir. 2006). The fact that the hearing officer credited Sergeant Killingsworth's account over Stone's denials does not establish impermissible bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

For these reasons, the court DENIES the petition (ECF 1), and DIRECTS the clerk to close this case.

SO ORDERED on February 19, 2026

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT

8